IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3025-FL

| | | |
|---|---|---|
| KENDRICK D. HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JOSHUA HOLMES, NATHAN MCMILLIAN, JOHN HERNDON, and BANJOKO CORRELL, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The matter comes before the court on defendants' motion to dismiss (DE 18) pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) and motion for a protective order (DE 33). Plaintiff responded to defendants' motion to dismiss, but did not respond to defendants' motion for a protective order. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court denies defendants' motion to dismiss and denies as moot defendants' motion for a protective order.

## BACKGROUND

Plaintiff, a state inmate, states defendants Nathan McMillian ("McMillian"), J. Herndon ("Herndon"), and Joshua Holmes ("Holmes") used excessive force against him at Polk Correctional Institution on November 8, 2011. Plaintiff additionally states that defendant Sergeant B. Correll ("Correll") observed the alleged use of force and refused to intervene.

On June 25, 2012, plaintiff submitted grievance number 3100-12-0963 to prison officials. In grievance number 3100-12-0963, plaintiff states in pertinent part:

> On June 2, 2012, me and officer Holmes had a confrontation which lead to officer Holmes getting cut. Back on November 8, 2011, Officer Holmes, McMillian, and J. Herndon jumped on me. They messed up my hand and wrist. . . . So ever since then me and them been having problems. . . . I fear that these officers are going to do something to me. Or I am going to do something to them in order to protect myself. . . . I think I should be shipped to another camp.

(Compl. Attach. p. 3.) Plaintiff exhausted his administrative remedies for this grievance. (Id.)

On January 31, 2013, plaintiff brought this action, pursuant to 42 U.S.C. § 1983, against defendants alleging defendants used excessive force against him in violation of the Eighth Amendment to the United States Constitution. On October 23, 2013, defendants filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that plaintiff's claim should be dismissed because plaintiff failed to exhaust his administrative remedies before filing this action. The motion was fully briefed. Defendants subsequently filed a motion for a protective order, to which plaintiff did not respond.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled

facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.  Analysis

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

Although defendants concede that plaintiff completed the administrative remedy process for grievance number 3100-12-0963, they argue that it was insufficient to satisfy § 1997e(a)'s exhaustion requirement because plaintiff did not grieve the specific conduct which formed the basis of his claim. In particular, defendants assert that plaintiff's grievance primarily related to plaintiff's request for a transfer, and not defendants' alleged use of excessive force on November 8, 2011.

The PLRA does not require particularity with respect to grievances. Rather, one of the main purposes of a prison grievance system is to allow administrators a fair opportunity to address the problem that will later form the basis of suit. Jones, 549 U.S. at 219; Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (stating that because the plaintiff's grievances related to his pancreatic condition and Hepatitis C did nothing to alert prison officials of the plaintiff's gout-related complaints, prison officials had no reason to further investigate); Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) (finding that a grievance need not "provide personal notice to a particular official that he may be sued . . . . But . . . must provide . . . a fair opportunity under the circumstances to address the problem . . ."). To accomplish this goal, an inmate is required to allege conduct that will later be challenged in the civil lawsuit. See Moore, 517 F.3d at 729. Plaintiff's grievance number 3100-12-0963 specifically references defendants' November 8, 2011, alleged use of excessive force. In accepting and processing grievance number 3100-12-0963, prison officials were on notice of plaintiff's claim and provided a reasonable opportunity to investigate the claim.

In making this determination, the court rejects defendants' argument that grievance number 3100-12-0963 violated the North Carolina Department of Public Safety's ("DPS") administrative remedy procedure because it referred to more than one incident. The court notes that the DPS administrative remedy procedure does not prohibit all grievances grieving more than one issue.

4

Instead, the applicable policy states that "a grievance may be rejected at any level if . . . [t]he inmate has requested a remedy for more than one incident." State of north Carolina Department of Correction Division of Prisons Policy and Procedures Ch. G § .0306(b)(4). As stated, plaintiff's grievance number 3100-12-0963 was accepted by prison officials and processed according to DPS's policies and procedures. Based upon the foregoing, the court finds that the record reflects that plaintiff complied with § 1997e(a)'s exhaustion requirement for the instant claim. Thus, defendants' motion to dismiss is DENIED.

## CONCLUSION

For the foregoing reasons, the court DENIES defendants' motion to dismiss (DE 18). Because the court DENIED plaintiff's motion to dismiss, the court DENIES as moot defendants' request for a protective order pending the court's resolution of their dispositive motion (DE 33). The Clerk of Court is DIRECTED to issue a case management order, which will, *inter alia*, provide for a discovery period.

SO ORDERED, this the 19th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge